# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SEAN DARNEL WHITE, #353512,

        Plaintiff,                      Case Number: 2:13-CV-13254

v.                                            HONORABLE NANCY G. EDMUNDS
                                            UNITED STATES DISTRICT JUDGE

KENNETH MCKEE, ET AL.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This matter is pending before the Court on a *pro se* civil rights complaint filed by Sean Darnell White ("Plaintiff") under 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan. Plaintiff names nine defendants: Michigan State Police Sergeant Jacquelyn Stasiak, the County of Ionia, and the following Bellamy Creek Correctional Facility employees: Kenneth McKee (warden), Doug Welton (inspector), Matt McCauley (deputy warden), Robert Mote (resident unit manager), and David Angel (officer).

Plaintiff's claims stem from his placement in administrative segregation. He was placed in administrative segregation because he was the subject of a Michigan State Police investigation into a suspected prison drug smuggling ring. Plaintiff seeks monetary and injunctive relief.

## I.  Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (*quoting Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*  (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.  Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and

2

employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. Discussion

Plaintiff raises five claims for relief in his complaint, all of which relate to his placement in administrative segregation. Michigan State Police were investigating Plaintiff and several other prisoners regarding their involvement in a prison drug smuggling ring. Michigan Department of Corrections' Police Directive 04.05.120.L.4 provides that a prisoner who is under investigation by an outside authority for suspected felonious behavior may be placed in administrative segregation.

The Sixth Circuit has repeatedly found that confinement to segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998) (two years of segregation while inmate was investigated for murder of prison guard in riot); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (one year of segregation after inmate was found guilty of

possession of illegal contraband and assault and where reclassification was delayed due to prison crowding did not implicate a protected liberty interest)*; Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (placement of inmate serving life sentence in administrative segregation after he served thirty days of detention for a misconduct conviction did not impose an "atypical and significant hardship").  Plaintiff has not identified any significant and atypical deprivation arising from his confinement in administrative segregation.  Plaintiff thus fails to state a claim for relief under § 1983.

### III.  Conclusion

For the reasons stated, the Court concludes that the complaint fails to state a claim upon which relief may be granted.

Accordingly, IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED, that if Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

                                      S/Nancy G. Edmunds
                                      Nancy G. Edmunds
                                      United States District Judge

Dated:  December 12, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 12, 2013, by electronic and/or ordinary mail.

                                      S/Johnetta M. Curry-Williams
                                      Case Manager
                                      Acting in the Absence of Carol A. Hemeyer